UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DELIA GRANADOS,

                Plaintiff,

-against-

NEW YORK STATE DEPT. OF CORR. COUNSEL'S OFFICE; DELTA BAROMETRE, *Supt. Otisville Corr.*; I. GRECCO; *Officer*; SGT GAYNOR; SGT. FLESSER,

                Defendants.

23-CV-6165 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated her federally protected rights. By order dated August 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A. This complaint

Named as defendants in this complaint are: (1) the New York State "Dept. of Corr. Counsel's Office"; (2) Delta Barometre, the Superintendent of Otisville Correctional Facility; (3) Officer I. Grecco; (4) Sgt Gaynor; and (5) Sgt. Flesser. The following facts, taken from the complaint, arise from events beginning on August 29, 2021, when Plaintiff was visiting her boyfriend, a prisoner at Otisville.

> Officer Grecco stated I had sexual misconduct with Inmate Daniels 15A4711 no surveillance shown 10 witnesses vouched for Mr. Daniels in Tier 3 hearing that they did not see anything even officers as well CPLR 2014 Sgt Flesser falsified they suspended my visit and waited for a van at 11:30 am when I took a local taxi to the next town Sgt. Gaynor impersonated a nurse on the report stating she took Inmate to clinic to be searched for contraband NYS DOCCS councils office also lied about my appeal date it was 9/14/21 they told internal affairs 10/19/21 which

> I filed a FOIL request to prove at 11:40 pm Daniels 15A4711 was speaking with me at the time while I was waiting for taxi service to show up. Supt. Barometre submitted two different reports to NYS DOCCS one with Officer Greco. And the other with additional officers that fabricated the incident also state Inmate agreed to 160 days when Inmate file appeal with NYS DOCCS council officer which he has filed a FOIL request.

(ECF 1 ¶ III.)[1]

Plaintiff invokes "Rule 44," "Rule 34," "Discovery Title 18," "U.S.C. Sections 401 and 402," "Penal Law 175.10 and 175.05," and "federal law 1519." (*Id.* ¶ I.A.) Plaintiff seeks money damages, and an order directing Defendants to "stop the conduct that is causing the harm," an apparent reference to the suspension of her visitation rights. (*Id.* ¶ IV.)

**B.     Prior complaints**

On May 25, 2022, Plaintiff filed a complaint in the United States District Court for the Northern District of New York, arising out of the same incident that occurred at Otisville on August 29, 2021 and the events that followed.[2] *See Granados v. NYSDOCCS*, No 22-CV-557 (N.D.N.Y.). By order dated October 12, 2022, that court transferred the matter here, and it was opened under docket number 22-CV-8804 ("*Granados I*"). Named as defendants in the amended complaint filed in *Granados I* are: (1) New York State Inspector General Lucy Lang; (2) the New York State Department of Corrections and Community Supervision ("DOCCS"); (3) Acting Commissioner Anthony Annucci; (4) Woodbourne Correctional Facility Superintendent David

---

[1] The Court grants from the complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

[2] On September 20, 2022, Plaintiff filed a substantially similar complaint in the United States District Court for the Eastern District of New York. *See Granados v. NYS DOCCS*, No. 22-CV-5421 (LDH) (E.D.N.Y. Oct. 24, 2022). By order dated October 24, 2022, the Eastern District of New York transferred that action to this court, where it was opened under docket number 22-CV-9222 ("*Granados II*"). By order dated November 2, 2022, the Court dismissed *Granados II* as duplicative of this action, and without prejudice to Plaintiff's claims pending in *Granados I*. ECF 1:22-CV-9222, 8.

Howard; (5) New York State Attorney General Letitia James; and (6) the "NYS DOCCS Council Office." *Granados I,* ECF 12.

Plaintiff alleged in *Granados I* that she was falsely accused of committing "sexual misconduct" during the August 29, 2021 visit with her boyfriend at Otisville; that her appeal was "overlooked," which left her visitation rights "indefinitely suspended"; and that she was being denied visits with her boyfriend at Woodbourne, where he had been transferred. By order dated December 6, 2022, the Court dismissed the amended complaint, with leave to replead, because: (1) it did not comply with federal pleading rules; (2) the Eleventh Amendment barred Plaintiff's claims against DOCCS and James; (3) there were no facts showing how the individual defendants were personally involved in violating Plaintiff's federally protected rights; and (4) the facts alleged failed to give rise to a procedural due process claim.[3] *Id.*, ECF 16.

On February 6, 2023, after reviewing Plaintiff's second amended complaint, which she filed on December 19, 2022, the Court dismissed the action for the same reasons set forth in the December 6, 2022 order, and denied on futility grounds Plaintiff leave to file a third amended complaint. ECF 1:22-CV-8804, 35 (S.D.N.Y. Feb. 6, 2023) *reconsideration denied*, (Mar. 6, 2023), No. 23-0260 (2d Cir. Aug. 15, 2023) (dismissing appeal because it "lacks an arguable basis either in law or in fact.").

## DISCUSSION

The Court dismisses this complaint for the same reasons set forth in the orders of dismissal issued in *Granados I* on December 6, 2022, and February 6, 2023. *See* No. 22-CV-

---

[3] In that order, the Court held that: (1) Plaintiff did not have a liberty or property interest in visiting her boyfriend; and (2) even if such an interest existed, Plaintiff, who filed an administrative complaint with DOCCS, actions under Article 78 of the New York Civil Practice Law and Rules in state court, and at least one appeal with the New York State Supreme Court, Appellate Division, Third Department, received all the process she was due. *Id.*

4

8804, Docs. 16, 35. To briefly summarize those grounds: (1) the Eleventh Amendment bars Plaintiff's claims against the DOCCS "Counsel's Office"; (2) Plaintiff received the process that she was due, and thus the facts alleged do not give rise to a due process claim; and (3) Plaintiff has failed to provide fact showing that all the individual defendants were personally involved in violating Plaintiff's constitutional rights.

## DENIAL OF LEAVE TO AMEND, LITIGATION HISTORY, AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

In addition, this is the third complaint that Plaintiff has filed arising out of the August 29, 2021 incident and its aftermath. Plaintiff is warned that if she abuses the privilege of proceeding IFP by filing duplicative complaints, she could be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this court, in connection with these events, without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements.)

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may seek to assert. 28 U.S.C. § 1367.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed enter judgment in this case.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge